NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DEBRA ROUNDTREE, an individual; STEVEN KIDMAN, an individual; PAGE ACTION COMMITTEE, a registered political committee, *Plaintiffs/Appellants*,

*v.*

CITY OF PAGE, a political subdivision of the state of Arizona; KARY HOLLOWAY, in her official capacity as City Clerk; KIM LARSON, in her official capacity as Acting Deputy City Clerk, *Defendants/Appellees*.

No. 1 CA-CV 24-0387 EL
FILED 07-02-2024

Appeal from the Superior Court in Coconino County
No. S0300CV202400227
The Honorable Cathleen Brown Nichols, Judge

**AFFIRMED**

COUNSEL

Barton Mendez Soto PLLC, Tempe
By James E. Barton II, Jacqueline Mendez Soto,
Daniella Fernandez Lertzman
*Counsel for Plaintiffs/Appellants*

Pierce Coleman PLLC, Scottsdale
By Christina Estes-Werther, Jon M. Paladini, Matthew W. Schiumo
*Counsel for Defendants/Appellees City of Page*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Cynthia J. Bailey joined.

---

**C R U Z**, Judge:

¶1         Debra Roundtree, Steven Kidman, and Page Action Committee (collectively "the Committee") appeal the superior court's judgment denying their request for declaratory, injunctive, mandamus, and other relief after the City of Page and its employees (collectively "the City") rejected the Committee's initiative petition, I-2023-03 ("the Initiative") because its subject matter did not constitute a legislative act.  For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2         In response to its largest employer leaving the City, the Page City Council ("the Council") sought to increase economic growth and development in the City.  The City's Community Development Director, the Council, and community members ultimately decided that a downtown revitalization project ("the Streetscape Project"), would help the City meet its economic development goals.

¶3         Before deciding to proceed with the Streetscape Project, the Council worked with the American Planning Association advisory group, visited other streetscapes in Arizona, and held public meetings.  The City worked on the Streetscape Project for approximately six years. During that time, the City appropriated funds and hired an engineering firm to complete a design concept for the Streetscape Project.  Multiple renderings of the Streetscape Project were presented at multiple public meetings. Eventually, the Council determined that the continued development and implementation of the Streetscape Project was its number one priority and stated so in its adopted policy document entitled "Strategic City Council Priorities."    The Council then approved a budget including an appropriation for the Streetscape Project and began approving and entering into contracts with engineering and construction firms.

¶4            In October 2023, the Committee applied for a serial number for the Initiative and began collecting signatures. The Initiative sought to add "Chapter 74 to Title VII of the general ordinances of [the City] reelating [sic] to maintaining the size and lanes of Lake Powell Boulevard," and stated, in relevant part:

> The citizens of Page, Arizona do hereby find and determine that it is in the best interest of the citizens to maintain the size and number of traffic lanes at Laek [sic] Powell Boulevard from Rim View Drive to Aspen Street as presently existed on October 1, 2023. And further, that making changes that degrade the usefulness of this portion of road is wasteful of the public fisc and harmful to the general welfare.
>
> . . .
>
> Neither public resources of the City nor outside funds from any source shall be used in anyway [sic] to facilitate, encourage, support, or actualize a reduction in the number of lanes or size of Lake Powell Boulevard between Rim View Drive and Aspen Street from the current size and number of lanes.

¶5            In March 2024, the Committee submitted sixty-eight petition sheets and the City began its twenty-day statutory review pursuant to Arizona Revised Statutes ("A.R.S.") section 19-121.01. In April 2024, the City rejected the Initiative because its subject matter did not constitute a legislative act. Later that month, the Committee filed a special action complaint in superior court seeking mandamus relief to compel the City to perform its duties under A.R.S. §§ 19-121.01, -122, -141. The Committee simultaneously applied for preliminary and permanent injunctions and an order to show cause.

¶6            After an expedited show cause hearing, the superior court denied the Committee's requests for declaratory, injunctive, mandamus, and other relief, except as to issues regarding signatures not relevant to this appeal. The court found that the subject matter of the Initiative was administrative rather than legislative because implementation of the Streetscape Project was the responsibility of the City's employees and implementation of the Project "clearly includes a determination as to the size or number of lanes on roads contained within the Streetscape Project." The court concluded that because the Initiative "attempts solely to control the size and number of lanes within a portion of Lake Powell Boulevard—

3

an administrative duty of City staff . . . the Initiative too must be administrative in this context." After determining that "no further matters remain pending," the court entered a final judgment.

**¶7** The Committee timely appealed. Because this is an expedited election matter, this court held an ARCAP (10)(g) scheduling conference with the parties, accepted the parties' request and stipulation to submit simultaneous briefing and ordered the same.

## DISCUSSION

**¶8** The dispositive question on appeal is whether the Initiative's subject matter is legislative rather than administrative and therefore legally sufficient for the ballot. This issue poses a question of law that we review de novo. *League of Ariz. Cities & Towns v. Brewer*, 213 Ariz. 557, 559, ¶ 7 (2006).

**¶9** "A fundamental component of the legislative process in Arizona is the right of the people to offer legislation through the initiative." *Id.* at 559, ¶ 9 (citing Ariz. Const. art. 4, pt. 1, § 1; *Allen v. State*, 14 Ariz. 458, 467 (1913)). Under the Arizona Constitution, "[t]he powers of the initiative and the referendum . . . are reserved to the qualified electors of every incorporated city, town and county **as to all local, city, town or county matters on which such incorporated cities, towns and counties are or shall be empowered by general laws to legislate."** Ariz. Const. art. 4, pt. 1, § 1(8) (emphasis added).

**¶10** Generally, courts may not interfere with an initiative before it passes unless authorized to do so by law. *League of Ariz. Cities & Towns*, 213 Ariz. at 559-60, ¶¶ 10-11. The judiciary is authorized to enjoin the placement of legally insufficient initiative petitions on the ballot. *Id.* at 560, ¶ 11. An initiative is legally insufficient if it is (1) defective in form; (2) does not receive the number of valid signatures required by the Arizona Constitution, or (3) fails to follow the prescribed procedures. *Id.* at 560, ¶ 12. Only two kinds of procedural defects in form warrant pre-election review—defects as to statutory structural requirements and "whether an initiative in fact constitutes legislation." *Id.* at 560, ¶ 13.

**¶11** The Committee argues that initiatives, unlike referenda, are not required to be legislative. We disagree. The superior court correctly found that the subject matter of an initiative must be legislative. Article 4, part 1, Section 1(8), of the Arizona Constitution, gives qualified electors initiative power as to all "city . . . matters" the City is "or shall be empowered by general laws to legislate." *See also* 5 McQuillin, *The Law of*

*Municipal Corporations* § 16:53 (3d ed.) ("The power of **initiative or referendum** usually is restricted to legislative ordinances, resolutions, or measures, and is not extended to executive or administrative action . . . .") (emphasis added).

**¶12**      "Municipal corporations . . . act in several capacities: legislative, executive, administrative, and quasi-judicial." *Wennerstrom v. City of Mesa*, 169 Ariz. 485, 488 (1991). In drawing a distinction between matters which are legislative and those which are administrative, our supreme court has said:

> The test of what is a legislative and what is an administrative proposition, with respect to the initiative or referendum, has further been said to be whether the proposition is one to make new law or to execute law already in existence. The power to be exercised is legislative in nature if it prescribes a new policy or plan; whereas, it is administrative in its nature if it merely pursues a plan already adopted by the legislative body itself, or some power superior to it. Similarly, an act or resolution constituting a declaration of public purpose and making provision for ways and means of its accomplishment is generally legislative as distinguished from an act or resolution which merely carries out the policy or purpose already declared by the legislative body.

*Id.* at 489 (quoting 5 E. McQuillin, *The Law of Municipal Corporations* § 16:55 at 266). Further:

> Acts that deal with a small segment of an overall policy question generally are administrative, as are decisions that require specialized training and experience in municipal government and intimate knowledge of the fiscal and other affairs of a city in order to make a rational choice, even though they may also be said to involve the establishment of policy.

*5 McQuillin, The Law of Municipal Corporations* § 16:53.

**¶13**      Under the *Wennerstrom v. City of Mesa* test, we consider whether the proposition is (1) permanent or temporary, (2) of general or specific, limited application, and (3) a matter of policy creation versus a form of policy implementation. *Id.* at 489; *Redelsperger v. City of Avondale*, 207 Ariz. 430, 433, ¶ 15 (App. 2004).

¶14 The Committee argues the Initiative is permanent because it "preserves the identified roadway forever," and is of general application because it does not just prohibit the Streetscape Project but rather prevents "any alteration to Lake Powell Boulevard." Although there is no temporal limitation in the Initiative's language, the Initiative is "applicable only to a specific area"—the 1.4-mile portion of 3.4-mile-long Lake Powell Boulevard "between Rim View Drive and Aspen Street." *See Redelsperger*, 207 Ariz. at 434, 437, ¶¶ 15, 28 (finding Avondale's issuance of a conditional use permit was an administrative act rather than legislative and therefore not subject to referendum). The Initiative is of "specific (limited) application"—a conclusion that supports the superior court's determination that it constitutes an administrative act. *Id.* at 433, ¶ 15.

¶15 In addition, the Initiative fails to satisfy the third prong of the *Wennerstrom* test. The City established policy when it adopted its "Strategic City Council Priorities" providing for the development and implementation of the Streetscape Project. Implementation of the Streetscape Project includes a determination by City staff as to the size and number of lanes of Lake Powell Boulevard within the Project. A.R.S. § 9-240(B)(3) grants the City Council "exclusive control" within City limits "over the streets, alleys, avenues and sidewalks of the town and to give and change the names thereof." And as an exercise of this authority, Page City Code § 33.23 gives the City Engineer, a City employee, responsibility over the City's streets, suggesting that the size and number of lanes on streets and roads is administrative. Because the Initiative attempts to control the size and number of lanes within the Streetscape Project, an administrative duty of City staff, the subject matter of the Initiative is administrative rather than legislative. We find no error in the superior court's judgment denying the Committee's request for declaratory, injunctive, mandamus, and other relief.

**CONCLUSION**

¶16 For the foregoing reasons, we affirm.

